IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| YOUNES KABBAJ, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 14-780-RGA |
| AMERICAN SCHOOL OF TANGIER and EDWARD M. GABRIEL, | : | |
| Defendants. | : | |

Younes Kabbaj, *Pro Se* Plaintiff.

**MEMORANDUM OPINION**

January 29, 2015
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Younes Kabbaj filed this action pursuant to 28 U.S.C. § 1332. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). Typically, the court would proceed to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). However, Kabbaj must seek permission before filing lawsuits against certain individuals or entities.

Kabbaj is a former employee of the American School of Tangier. He has filed numerous lawsuits.[1] In the first action, C.A. No. 10-431-RGA, he named as defendants the American School of Tangier, its board of trustees, Stephen Eastman, Chairman of the Board of Trustees, Edward Gabriel, and Mark Simpson. (C.A. No. 10-431-RGA, D.I. 12). The parties (excepting Mr. Simpson, who does not appear to have been served, and did not respond to the complaint) entered into a confidential settlement agreement, followed by a joint motion to dismiss with prejudice and consent order, granted by the court on April 24, 2012. (*See* C.A. No. 10-431-RGA, D.I. 52, 53, 54). The dismissal order provided that the court would retain jurisdiction of the matter following dismissal for the purpose of enforcing the parties' written settlement agreement and to resolve disputes regarding that settlement agreement. (C.A. No. 10-431-RGA, DI 54 at 3). The dismissal order restrained and prohibited Kabbaj from having any contact with about forty-five (45) named persons and entities (*i.e.*, the "Releasees") and many more individuals and entities not identified by name. The dismissal order further provided that, unless "prior written permission of a judge of this Court" was obtained, Kabbaj could not bring a civil action against any of the Releasees "with respect to any matter

---

[1] *See* C.A. Nos. 10-431-RGA, 12-1322-RGA-MPT, 13-1522-RGA, 14-780-RGA, 14-982-RGA, 14-1001-RGA, 14-1484-RGA.

not released by the Parties' settlement agreement" and with respect to "any claim that any Party has breached the settlement agreement." (C.A. No. 10-431, DI 54 at 2). The Releasees include the American School of Tangier ("AST") and Edward Gabriel.

On June 19, 2014, Kabbaj filed the instant complaint in this court against AST and Edward M. Gabriel without receiving written permission from the court. The complaint seeks a declaration from the court that the 2012 settlement agreement has been breached and is null and void. It seeks to revoke the consent order issued in C.A. No. 10-431-RGA. It asks the court to declare that AST and Gabriel were negligent and misrepresented facts to Kabbaj to induce him to sign the 2012 settlement agreement.

AST and Gabriel were named as releasees in the settlement of C.A. No. 10-431-RGA. According to the court's April 24, 2012 order:

> [Kabbaj] may not bring a civil action against any of the "Releasees" [ ] in any court of law in the United States, with respect to any matter not released by the Parties' settlement agreement, including but not limited to any claim that any party has breached the settlement agreement, without the prior written permission of a judge of this court. Also, at least four (4) business days before seeking the permission of the Court to initiate such a civil action, [Kabbaj] must first provide written notice of such intention to the Defendants' counsel, Larry R. Seegull, Esq., via both electronic mail to "larry.seegull@jacksonlewis.com" and written letter to Larry R. Seegull, Esq., Jackson Lewis LLP, 2800 Quarry Lake Drive, Suite 200, Baltimore, Maryland 21209, 410-415-2004.

C.A. No. 10-431-RGA, D.I. 54, at 2-3.

There is nothing on the court docket that indicates Kabbaj provided a copy of the instant complaint to Seegull. Nor did Kabbaj seek leave to file a complaint against AST or Gabriel. Kabbaj agreed in the executed settlement documents to follow a certain procedure regarding any further civil action against any releasee, yet he failed to do so. As is evidenced by his numerous court filings, Kabbaj is well-aware of the procedures

2

by which he is required to abide. Yet he chose not to follow the procedures to which he agreed.[2] Thus, the complaint will be dismissed for failure to follow the procedure to which Kabbaj agreed.

The allegations against AST and Gabriel consist of "bald assertions" and purported "legal conclusions." Notably, the allegations in the complaint that refer to the defendants complain of conduct that occurred up to and including the date the settlement agreement was executed. The terms of the settlement agreement provide that Kabbaj agreed not to sue AST and Gabriel for anything arising up until the date of the agreement. Absolutely nothing is alleged against AST and Gabriel as occurring after they and Kabbaj entered into the agreement. The bulk of the complaint alleges misconduct engaged in by Simpson and Albro after execution of the confidential settlement. Neither Simpson nor Albro is named as a defendant in the complaint.[3] Thus, the complaint does not state a claim against the named Defendants, AST and Gabriel.

---

[2] On October 18, 2012, Kabbaj filed a motion for leave to file a lawsuit against Releasee Mark S. Simpson. (C.A. No. 10-431-RGA, D.I. 55). Kabbaj had originally filed the complaint in the United States District Court for the Southern District of New York. This court ultimately granted Kabbaj leave to file a lawsuit against Simpson. The New York case was transferred to this court and assigned C.A. No. 12-1322-RGA.. The matter was subsequently dismissed for lack of personal jurisdiction. The dismissal was affirmed on appeal. See Kabbaj v. Simpson, 547 F. App'x 84 (3d Cir. 2013). On January 2, 2014, Kabbaj filed another motion to file a lawsuit against AST and Simpson. (C.A. No. 10-431-RGA. D.I. 65). Kabbaj did not provide a proposed complaint for the court to review to determine the adequacy of the pleading and proposed action. The motion was denied. (Id., D.I. 87). On March 21, 2014, Kabbaj filed a motion to file a complaint against AST, Simpson and Brian Albro, who is described as Simpson's "boyfriend/husband" and as a "family member" to Simpson and thus a "Release[e]." (Id., D.I. 70-1, ¶¶ 14, 22). On January 5, 2015, the court denied the motion to file a new complaint as to AST and granted the motion to file a new complaint as to Simpson and Albro. (Id., D.I. 87).

[3] Simpson and Albro are named as defendants in other cases filed by Kabbaj. See C.A. Nos. 10-431-RGA (Simpson), 12-1322-RGA (Simpson), 14-982-RGA (both), 14-1001-RGA (both).

3

The court will dismiss the complaint as it was filed in contravention of the April 24, 2012 order and the settlement agreement entered into by Kabbaj. Kabbaj has filed numerous other motions in this case. (D.I. 6, 7, 8, 12, 13, 19, 29, 30, 31). Most of the motions (D.I. 6, 7, 8, 13, 29, 31) will be dismissed as moot.

As to D.I. 12 and 19, Kabbaj moves to unseal exhibits and pleadings and, in particular, D.I. 9, which was previously sealed by the court. Having reviewed the sealed documents, it appears that they were publicly available prior to having been filed with the court. Previous public availability, at least in the circumstances of this particular case and considering the two documents at issue, indicates that the documents should not remain under seal. See generally West Penn Allegheny Health Sys., Inc. v. UPMC, 2012 WL 512681, *8-9 (W.D. Pa. Feb. 14, 2012). Therefore, the court will grant the motions to unseal. (D.I. 12, 19.)

As to D.I. 30, the Motion Requesting Establishment of Procedure to Pursue Claims, it relates to C.A. No. 10-431-RGA-MPT, and not to this case. Therefore, it will be denied.